GREMILLION, Judge.
In these consolidated cases, the plaintiff, Emile K. Ventre, Jr., appeals the judgment of the trial court in favor of the defendant, Kathleen Q. Lipari, Administra-trix of the Estate of Winona Q. Ventre (Estate). For the following reasons, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
Winona and Emile were married on December 12, 1975. On November 3, 1991, Winona was killed in a car accident. On July 28, 1994, Emile filed a declaratory *1230 judgment action seeking that the trial court find the marriage contract, which instituted a separation of property regime, null. In Succession of Ventre, 96-559 (La. App. 3 Cir. 11/6/96), 682 So.2d 988, we upheld the trial court’s ruling for different reasons, and found the marriage contract was valid. We further found that Emile had come to court with “unclean hands” and that his testimony was not credible.
Emile filed a claim for reimbursement on March 13, 1998.[1] Karl claims that the Estate is indebted to his father’s estate for a return of his separate funds expended on Winona’s separate property. The Estate filed exceptions of res judicata and prescription and answered the petition. In an affirmative defense, the Estate claimed parole evidence could not be used to prove the amount of indebtedness, citing the Dead Man’s Statute, La.R.S. 13:3721. After a hearing in June 1998, the trial court overruled the exception of res judicata. In December 1998, Emile filed an | ¡.amended and restated petition adding additional monies as due for reimbursement. The Estate again filed an exception of prescription. Emile then filed a motion to set for hearing his exception of prescription and his own motion in limine as to why parole evidence should not be allowed to prove the claims for reimbursement.
Following a hearing in February 2002, the trial court found that Emile’s reimbursement claim against the estate had prescribed and, therefore, pursuant to the Dead Man’s Statute, he would be unable to meet his evidentiary burden at trial. Therefore, it denied Emile’s motion in li-mine and dismissed his claims. Emile timely appealed to this court.
ISSUES
Emile assigns as error:
1. The trial court’s dismissal of his case based on a single evidentiary ruling (that the Dead Man’s Statute precluded the introduction of parole evidence).
2. The trial court’s finding, which, if correct, would have resulted in the trial court granting the exception of prescription, that the claim for reimbursement was not timely filed and that the petition for declaratory judgment did not interrupt the running of prescription.
PETITION FOR DECLARATORY JUDGMENT
In February 2002, counsel for both parties signed a stipulation that the declaratory judgment action was filed in July 1992. However, the trial court determined that said date was a typographical error and that it was actually filed on July 28, 1994. Factual findings of the trial court will not be disturbed in the absence of manifest error. Stobart v. State through DOTD, 617 So.2d 880 (La.1993). If a reasonable basis exists in the record for the trial court’s finding, no error has | ^occurred. Id. We have reviewed the evidence and find that the trial court did not commit manifest error in finding that the petition for declaratory judgment was filed in July 1994, more than two years follow *1231 ing Winona’s death. Emile offers no evidence, other than the stipulation, and we have reviewed the original filing date of the petition for declaratory judgment, which was in 1994. Moreover, the Declaratory Judgment action itself states, “On July 1, 1994, Kathleen Quirk Lipari was appointed administratrix of the Succession of Winona Quirk Ventre.” Surely, Emile does not now claim that, in 1992, he foresaw that Lipari would be named adminis-tratrix of the estate in July 1994. We find Emile’s claims incredulous and find no error in the trial court’s factual finding that the petition for declaratory judgment was not filed until July 1994. Moreover, for the reasons stated below, we do not find that the filing of the petition for declaratory judgment interrupted the prescriptive period set forth in the Dead Man’s Statute, as urged by Emile.
DEAD MAN’S STATUTE
The trial court’s evidentiary ruling that this statute applies will not be reversed in the absence of an abuse of discretion. Johnson v. First Nat'l Bank of Shreveport, 00-870 (La.App. 3 Cir. 6/20/01), 792 So.2d 33, writs denied, 01-2770 (La.1/4/02); 805 So.2d 212 and 01-2783 (La.1/4/02); 805 So.2d 213. The Dead Man’s Statute, La. R.S. 13:3721, requires that a claim for reimbursement from an estate of the deceased be filed within one year of the decedent’s death. It states (emphasis added):
Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless vnth-in one year of the death of the deceased:
|4(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased;
(2) The debt or liability is acknowledged by the succession representative as provided in Article 3242 of the Code of Civil Procedure, or by his placing it on a tableau of distribution, or petitioning for authority to pay it;
(3) The claimant has opposed a petition for authority to pay debts, or a tableau of distribution, filed by the succession representative, on the ground that it did not include the debt or liability in question; or
(4) The claimant has submitted to the succession representative a formal proof of his claim against the succession, as provided in Article 3245 of the Code of Civil Procedure.
The trial court found that Emile’s claims for reimbursement were not instituted until March 13, 1998, over six years following Winona’s death and, therefore, the Dead Man’s statute applied to exclude parol evidence of the alleged reimbursements owed to him. We agree. Further, we do not find that the petition for declaratory judgment, which was filed more than two years following Winona’s death, serves to interrupt prescription in this case. Although the trial court stated that it could not determine if the petition for declaratory judgment put the parties on notice of Emile’s claim for reimbursement, we find this of no moment. Even if it did, it was still filed more than one year following Winona’s death and, therefore, no parol evidence would be allowed as proof of Emile’s reimbursement claims. Emile failed to take any of the actions required by the statute within one year of Winona’s death, therefore, he is precluded from submitting parol evidence to prove his reimbursement claims.
*1232 Emile relies on the case of Adams v. Carter, 393 So.2d 253 (La.App. 1 Cir.1980), writ denied, 398 So.2d 531 (La.1981), which found that the Dead Man’s | ¡¡Statute was not applicable in a suit for reimbursement. We find that case inapplicable to the one at hand. Emile had ample opportunity to bring claims for reimbursement within one year of Winona’s death. Now, more than six years after her death and after his own death, Emile’s son seeks to bring reimbursement claims. We find this factual situation to be one where the purpose of the statute, the prevention of fraud and bringing of stale claims, is clearly met.
Finally, Emile makes the novel argument that, until we declared that he and Winona were governed by a separate property regime, he was the owner of her succession, and therefore, did not have to put himself on notice of the claim for reimbursement. We disagree. Emile had notice and should not have been remotely surprised when we determined that a separation of property agreement had been entered into by the parties. Thus, his claim for reimbursement within the one year period would not have been futile, but would have preserved his right to present parole evidence. This assignment of error is without merit.
DISMISSAL
Without the introduction of parole evidence to support the reimbursement claims, the trial court was of the opinion that Emile would not be able to meet his evidentiary burden at trial. Therefore, it dismissed his claims. We agree and find no error in the trial court’s dismissal. The effect of the application of the Dead Man’s Statute is that Karl will be unable to introduce any evidence to support his father’s reimbursement claims. Pursuit of these claims would be a waste of the trial court’s time. Thus, we find this assignment of error to be without merit.
CONCLUSION
The judgment in favor of the defendant, Kathleen Lipari, as administratrix of the succession of Winona Quirk Ventre, and against the plaintiff-appellant, Emile K. Ventre, Jr., is affirmed. All costs of this appeal are assessed against Emile K. Ven-tre, Jr.
AFFIRMED.

. Emile's son, Dr. Emile K. Ventre III (Karl), filed these proceedings on his father's behalf pursuant to a power of attorney. Emile died in March 1999. Karl wished to prove the claims for reimbursement via canceled checks written by his father, various receipts, and banking statements. Emile did not provide testimony concerning the reimbursements before his death.